624 A.2d 95

HOUSING AUTHORITY OF NEWARK, PLAINTIFF,
v. LAKEITHA SMITH, DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Landlord/Tenant Essex County

November 6, 1992.

*Ronald S. Sampson,* attorney for plaintiff.

*Robert D. Kuttner,* attorney for defendant.

FAST, J.S.C.

This is the essence of a decision given in a bench trial on November 2, 1992. This case presented an issue not previously reported, construing the provisions of *N.J.S.A.* 2A:18–61.1p. Plaintiff Housing Authority of the City of Newark filed a complaint for the summary eviction of defendant, pursuant to the ground stated in *N.J.S.A.* 2A:18–61.1p, alleging that defendant had been arrested and charged with possession of a controlled dangerous substance, possession with intent to distribute, possession with intent to distribute within 1,000 feet of a school and employing a minor in a drug scheme.

Besides denying the factual allegations, defendant also argued that the complaint was premature because *N.J.S.A.* 2A:18–61.1p requires that the defendant either have been found guilty of, or pleaded guilty to, the alleged drug violations.

Although the arrest was made on September 6, 1991 and this eviction action had been adjourned several times to permit the resolution of the pending drug charges, those charges still have not been resolved. A further request to stay this action, pending resolution of the criminal charges, was denied.

Having resolved the factual issues in favor of the plaintiff, the legal issue presented to the court was the construction of the statutory subsection cited above.

Defendant's argument is based upon language in subsection p excepting from the ground for eviction a person who has either (1) successfully completed or (2) been admitted to and continued upon probation while completing a drug rehabilitation program pursuant to *N.J.S.A.* 2C:35–14, "in connection with his [*sic*] sentence"

for the offense. As noted above, defendant has not yet been sentenced because the criminal charge has not yet been adjudicated.

Defendant's reliance upon the exception [*i.e.,* for a person who has successfully completed or been admitted to and continued upon probation while completing a drug rehabilitation program pursuant to *N.J.S.A.* 2C:35–14] is misplaced under the facts of this case. The reason for this conclusion is that the rehabilitation program as provided in *N.J.S.A.* 2C:35–14a is available only "whenever a *drug dependent person* is convicted of an offense" (emphasis added) under certain stated statutes, other than a crime of the first degree. As stated above, the allegation proven through the testimony presented by plaintiff did not relate to use of the substance by defendant; there was no evidence whatsoever even tending to show drug dependence by defendant. Accordingly, the exception from the good cause for eviction provided in subsection p would not have been available to defendant under the facts of this case.

More significantly, the argument of defendant to the effect that a conviction or plea is a required element of the good cause for eviction under subsection p is also misplaced. Although the statutory language does include reference to a "sentence for that offense", I find that reference to the "sentence" for the offense is surplus. Subsection p must be read in *pari materia* with *N.J.S.A.* 2A:18–61.1n. Subsection n provides a good cause for eviction where a person has been convicted of or pleaded guilty to, or as a juvenile, has been adjudicated a delinquent on the basis of an act which if committed by an adult would constitute an offense under the "Comprehensive Drug Reform Act of 1987". However, the introduction to subsection p makes it clear that the conviction or plea, *etc.* is not a prerequisite to eviction under subsection p. Rather, the criterion under p is that "the person has been found, by a preponderance of the evidence, liable in a civil action for removal commenced under this act for an offense.... under the Comprehensive Drug Reform Act of 1987 ..." The obvious

distinction between subsections n and p is that under subsection p the criminal charge need not have been adjudicated and plaintiff may proceed in a civil action for removal (*i.e.*, eviction).

*N.J.S.A.* 2A:18–61.1 was amended, effective April 9, 1991, by Chapter 91 of the Laws of 1991, section 68. That section added subsections n, *o*, and p to 2A:18–61.1. The enactment corrected statutory references and amended many sections of the statutory law under the title "Courts—Unification—Superior Court". The statement by the Assembly Judiciary, Law and Public Safety Committee did not address the substantive change through the addition of these subsections. However, it is clear that these subsections were added as much for the protection of other tenants as for the benefit of landlords.

I perceive no rational basis to require a landlord to wait for a conviction or plea before commencing a summary dispossess action where a person has engaged in conduct which might constitute a violation of the drug laws if the landlord is able to prove, by a civil standard, that is, by a preponderance of the credible evidence, that the person has engaged in such conduct. The consequence of those proofs is the *civil* remedy of eviction; the greater burden of persuasion beyond a reasonable doubt, or a plea of guilty to the conduct alleged, is still required for the *criminal* penalty.

I likewise find no basis to require a conviction for the dispossession action under subsection p inasmuch as subsection n has added that ground for eviction. I find by the standards of legislative construction that there must be a distinction between the causes of action established in subsections n and p. I find that distinction to be that subsection n requires determination of the criminal allegations, whereas subsection p may be pursued absent such determination.

A detailed analysis of subsections n and p shows that the language in both subsections following reference to *N.J.S.A.* 2C:35–1 is verbatim, except that subsection n uses the phrase "a person who has been so convicted or has so pleaded", whereas

subsection p uses the phrase "a person who committed such an offense". It probably would have been more appropriate to use a phrase such as "a person who has engaged in such conduct", or the like to eliminate the misinterpretation that the offense must have been adjudicated. Likewise, deleting reference to the exception for a person who successfully completed or is in a drug rehabilitation program would also help to eliminate the misinterpretation.

However, deleting that reference might still leave an *apparent* inconsistency, to wit, that a person who has been convicted or pleaded guilty may not be evicted because of the program, whereas a person who has not even been convicted or pleaded guilty may be evicted upon the proper proofs. In that apparent inconsistency, the person who has been shown to have engaged in the conduct according to a stricter burden of proof [beyond a reasonable doubt] may remain in possession whereas the person who has not yet been tried or pleaded in the criminal action *is* subject to eviction.

My function is to construe and apply the statute; I need not guess at the legislative reasons for this apparent inconsistency, but I do note that permitting the eviction when a landlord has satisfied the civil burden of proof serves the public interest of denying the use of a residential facility for drug activity, notwithstanding the lack of a determination on a criminal charge. Notwithstanding the lack of a conviction of, or plea by, Ms. Smith, this landlord and the other tenants residing in the subject complex will no longer be subjected to the drug activities operating out of, or in front of, her home.

Judgment for possession in favor of the landlord has been entered.

## ADDENDUM

Because of the substantial emphasis in this opinion of the comparison between *N.J.S.A.* 2A:18–61.1 n and p, and although both sub-sections are relatively long, I have attached them as an

appendix to compare them and illustrate the points made in this opinion. Language identical to both sections has been underlined for illustrative purposes; the portion in p that I find to have been erroneously included, *i.e.,* superfluous, has been bracketed, thus [ ]. Language illustrating the civil nature of subsection p (and therefore negating the need for resolution of the criminal or juvenile proceeding) has been capitalized.

## APPENDIX

n

The person has been convicted of or pleaded guilty to, or if a juvenile has been adjudicated delinquent on the basis of an act which if committed by an adult would constitute an offense under the "Comprehensive Drug Reform Act of 1987," N.J.S. 2C:35–1 et al. involving the use, possession, manufacture, dispensing or distribution of a controlled dangerous substance, controlled dangerous substance analog or drug paraphernalia within the meaning of that act within or upon the leased premises or the building or complex of buildings and land appurtenant thereto, or the mobile home park, in which those premises are located, and has not in connection with his sentence for that offense either (1) successfully completed or (2) been admitted to and continued upon probation while completing, a drug rehabilitation program pursuant to N.J.S. 2C:35–14; or, being the tenant or lessee of such leased premises, knowingly harbors therein a person who has been so convicted or has so pleaded, or otherwise permits such a person to occupy those premises for residential purposes, whether continuously or intermittently, except that this subsection shall not apply to a person who harbors or permits a juvenile to occupy the premises if the juvenile has been adjudicated delinquent upon the basis of an act which if committed by an adult would constitute the offense of use or possession under the said act.

p

The person has been found, by A PREPONDERANCE OF THE EVIDENCE, LIABLE IN A CIVIL ACTION FOR REMOVAL commenced under this act for an offense under N.J.S.

APPENDIX—Continued

2C:12–1 or N.J.S. 2C:12–3 involving assault or terroristic threats against the landlord, a member of the landlord's family or an employee of the landlord, or under the "Comprehensive Drug Reform Act of 1987," N.J.S. 2C:35–1 et al., involving the use, possession, manufacture, dispensing or distribution of a controlled dangerous substance, controlled dangerous substance analog or drug paraphernalia within the meaning of that act within or upon the leased premises or the building or complex of buildings and land appurtenant thereto, or the mobile home park, in which those premises are located, [and has not in connection with his sentence for that offense either (1) successfully completed or (2) been admitted to and continued upon probation while completing a drug rehabilitation program pursuant to N.J.S. 2C:35–14;] or, being the tenant or lessee of such leased premises, knowingly harbors therein a person who COMMITTED SUCH AN OFFENSE, or otherwise permits such a person to occupy those premises for residential purposes, whether continuously or intermittently, except that this subsection shall not apply to a person who harbors or permits a juvenile to occupy the premises if the juvenile [has been adjudicated delinquent] upon the basis of an act which if committed by an adult would constitute the offense of use or possession under the said "Comprehensive Drug Reform Act of 1987."